**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **ACQIS LLC, A TEXAS LIMITED LIABILITY COMPANY;** | § § § | |
| *Plaintiff*, | § | **No. 6:20-CV-00968-ADA** |
| | § | |
| *v.* | § | |
| | § | |
| **WIWYNN CORPORATION, A TAIWAN CORPORATION** | § | |
| *Defendant*. | | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration Defendant Wiwynn Corporation's ("Defendant" or "Wiwynn") Motion to Dismiss Plaintiff's Claims for Direct, Indirect, and Willful Infringement, and Enhanced Damages ("the Motion"). ECF No. 22. Plaintiff ACQIS LLC ("Plaintiff" or "ACQIS") filed a Stipulated Motion for Dismissal Without Prejudice, dropping its claims against Wistron Corporation without prejudice (ECF No. 28) and thereafter responded to the substance of the Motion (ECF No. 29). Wiwynn replied (ECF No. 30) and, in turn, ACQIS filed a sur-reply (ECF No. 31). After careful consideration of the Motions, the Parties' briefs, and the applicable law, the Court **DENIES** Wiwynn's Motion to Dismiss.

## I.      BACKGROUND

On October 15, 2020, ACQIS filed suit against Wiwynn and its parent company, Wistron Corporation ("Wistron"). ECF No. 1. In its Complaint (the "Complaint"), ACQIS accused Wiwynn and Wistron of infringing eight patents: U.S. Patent Nos. 9,529,768 ("the '768 Patent"), 9,703,750 ("the '750 Patent"), 8,977,797 ("the '797 Patent"), 8,041,873 ("the '873 Patent"),

RE44,468 ("the '468 Patent"), RE44,654 ("the '654 Patent"), RE46,947 ("the '947 Patent"), and 7,676,624 ("the '624 Patent") (collectively "the ACQIS Patents"). *Id.* at ¶ 2. The Complaint alleges that Wiwynn manufactures, uses, imports, and sells identified servers ("the Accused Servers") (*id.* ¶ 44) that infringe the ACQIS Patents or induces third parties to engage in and/or contributes to third parties engaging in the same. *Id.* ¶ 3. After Wiwynn and Wistron filed this Motion, ACQIS dismissed Wistron without prejudice. ECF No. 28. Given that dismissal of the direct infringement claims was based solely on what the Defendants deemed insufficient allegations regarding Wistron and Wistron has since been dismissed, Wiwynn's objections to ACQIS's direct infringement claims are now moot. *See* ECF No. 22 at 5–7.

## II.    LEGAL STANDARD

### A.  Pleading Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is "a purely procedural question not pertaining to patent law," and so the law of the Fifth Circuit controls. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). When considering such motions, this Court "accepts all well-pleaded facts as true, views them in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor." *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021).

Rule 12(b)(6) requires that a complaint contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a

defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Thus, when addressing a motion to dismiss, the Court "accepts all well-pleaded facts as true, views them in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor." *Johnson v. BOKF*, 15 F.4th at 361.

## B. Willful Infringement

Under Section 284 of the Patent Act, a court may increase damages for patent infringement "up to three times the amount found or assessed." 35 U.S.C. § 284. A party seeking such "enhanced damages" must show that an infringer's conduct has been "willful," or "wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103–04 (2016). Enhanced damages should "generally be reserved for egregious cases typified by willful misconduct." *Id.* at 106.

To state a claim for relief for willful patent infringement, a plaintiff must allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (quoting *Välinge*

*Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)).

### C. Induced Infringement

Section 271(b) of the Patent Act provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To succeed on such a claim, the patentee must show that the accused infringer (1) knowingly induced direct infringement and (2) possessed "specific intent" to induce that infringement. *See MEMC Electr. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). Willful blindness can satisfy the knowledge requirement, *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016), and circumstantial evidence may suffice to prove specific intent, *MEMC*, 420 F.3d at 1378.

To state a claim for relief for induced patent infringement, "a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376–77 (Fed. Cir. 2017) (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012)). "[T]here can be no inducement or contributory infringement without an underlying act of direct infringement." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1:14-cv-00134-LY, 2015 WL 3513151, at *3 (W.D. Tex. Mar. 24, 2015). "To state a claim for indirect infringement . . . a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading*, 681 F.3d at 1336.

**D. Contributory Infringement**

Section 271(c) of the Patent Act provides that:

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(c). Contributory infringement of a patented device involves the sale, offer to sell, or importing of a component of the device, which is "not itself technically covered by the claims of a product or process patent." *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990). Unlike induced infringement, contributory infringement requires "only proof of a defendant's *knowledge*, not *intent*, that his activity cause[s] infringement." *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990) (emphasis in original). But "[l]ike induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015).

To state a claim for contributory infringement, "a plaintiff must plausibly allege that the accused infringer knew of the asserted patents . . . and must 'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (first citing *Commil*, 575 U.S. at 639; and then quoting *In re Bill of Lading*, 681 F.3d at 1337).

### III.     ANALYSIS

#### A.  ACQIS Has Sufficiently Pleaded Willful Infringement

To state a claim for willful infringement, a plaintiff must allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys.*, No. 19-cv-667, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019). Wiwynn challenges ACQIS's compliance with all three elements.

Wiwynn asserts that the Court should dismiss the willful infringement claims for several reasons, including: (1) the Complaint does not plausibly allege pre-suit knowledge of the ACQIS Patents; (2) ACQIS fails to allege that Wiwynn knew, or should have known, of the alleged infringement; and (3) the facts do not raise a plausible inference of egregious behavior. ECF No. 22 at 7. Wiwynn originally claimed it never received the "purported" letter dated July 17, 2018 "the Letter"). *Id.* at 8. However, in its Reply, Wiwynn now concedes the Letter exists but claims ACQIS's allegations are directly contradicted by the Letter and are not entitled to a presumption of truth. ECF No. 30 at 2. Thus, Wiwynn attempts to distinguish this case from the Rule 12(b)(6) standard, which requires the Court to construe all well-pleaded factual allegations as true, citing alleged contradictions between the Letter and the Complaint. *Id.* at 4–5.

Wiwynn asserts the Letter's only purpose was to communicate Plaintiff's desire to enter into a partnership and failed to notify Wiwynn of any alleged infringement. *Id.* at 3. In its Reply, Wiwynn attempts to highlight several potential contradictions between the allegations in the Complaint and the content of the Letter. First, Wiwynn claims the Letter "did not address infringement of the ACQIS Patents ***at all*** aside from referencing a past infringement lawsuit." *Id.*

at 4–5 (emphasis in original). Specifically, Wiwynn claims the Letter does not state: (1) that any Wiwynn product infringes the ACQIS Patents; (2) the Patents are necessary or essential to Wiwynn products; or (3) that any Wiwynn products use ACQIS's technology. *Id.* at 4. Second, Wiwynn argues that the Letter simply provides one "example" of ACQIS's twenty-year developmental efforts and nothing in the Letter connects the ACQIS Patents to the accused functionalities or explains how the accused functionalities infringe. *Id.* at 4. Third, Wiwynn asserts the Letter only states ACQIS's Patents "are relevant to all your X86 compatible computer products" and fails to specifically identify the infringing technologies. *Id.* at 5. Fourth, Wiwynn claims the Letter merely described the enforcement history of ACQIS's patent portfolio. *Id.* Finally, Wiwynn asserts the Letter only stated ACQIS "would be interested in discussing investment in our company or other licensing arrangements with you." *Id.* Based on these alleged contradictions, Wiwynn claims it had no knowledge of the ACQIS Patents.

In response, ACQIS challenges Wiwynn's claim that it should be given a more deferential standard of review and that all of Wiwynn's arguments are outside the scope of the Complaint. ECF No. 31 at 1–2. ACQIS outlines that it adequately alleged knowledge through the Letter which: (1) identified all of the asserted patents; (2) described the applicability of the ACQIS Patents to the Accused Servers; (3) specifically identified Wiwynn's infringing servers; (4) described the enforcement history of their patent portfolio; (5) noted a prior lawsuit enforcing the Patents; and (6) invited Wiwynn to discuss potential licensing arrangements. *Id.* at 3–4. ACQIS alleges that this Court has found pre-suit knowledge based on the receipt of two letters identifying the patents. ECF No. 29 at 6 (citing *Parity Networks, LLC*, 2019 WL 3940952, at *3).

Likewise, ACQIS states that any arguments Wiwynn makes about the validity or reception of the Letter are inapplicable. *Id.* at 8. ACQIS argues that under the mailbox rule

Wiwynn is "*presumed to*" have received the Letter by virtue of it being sent. *Id.* at n.7 (emphasis in original).   Should Wiwynn want to challenge that presumption, it must make a Rule 56 motion, not a Rule 12 motion. *Id.* at 8. Accordingly, it would take an unfavorable inference by the Court to rule in Wiwynn's favor. Ultimately, ACQIS argues it was not required to attach the Letter to the Complaint, but if the Court disagrees, requests in the alternative to be allowed to amend the Complaint. *Id.* at 9.

### 1. *Knowledge of the Patents*

Wiwynn's Motion to Dismiss demands far too much at the pleading stage, in effect requiring ACQIS to prove its case at the outset. But ACQIS sufficiently pleads facts surrounding a notice letter it sent to Ms. Hong, the President and CEO of Wiwynn. ECF No. 1 ¶¶ 74–78. The Complaint details the contents of the Letter. *Id.* And having viewed the contents of the Letter as an exhibit to ACQIS's response (ECF No. 29-2), Wiwynn's arguments of purported contradictions with the pleadings and briefing ring hollow. The Court finds that the Complaint and briefing accurately describe the Letter. Importantly, the Letter lists each of the ACQIS Patents along with a detailed explanation of their confirmed validity and successful litigation history. This is sufficient to meet the knowledge element. *See Parity*, 2019 U.S. Dist. LEXIS 144094, at *8 (holding that allegations regarding defendant's receipt of a notice letter was sufficient to plead willfulness where the notice letter identified the whole portfolio); *see also VoIP-Pal.com, Inc. v. Facebook, Inc.*, No. 6:21-CV-00665-ADA, 2022 U.S. Dist. LEXIS 79779, at *6–7 (W.D. Tex. May 3, 2022) (holding pre-suit willfulness sufficiently pleaded where there was a notice letter identifying a patent application, the complaint alleged that defendant was monitoring plaintiff's portfolio, and there was ongoing patent litigation involving the parties); *Proxense v. Samsung*, No. 6:21-cv-210, slip op. (W.D. Tex. Dec. 20, 2021) (holding that

allegations regarding defendant's receipt of a notice letter were sufficient to plead willfulness where the notice letter included the patent application that matured into asserted patent, the accused products, and claim charts).

### 2. *Knowledge of Infringement*

ACQIS sufficiently *pleads* knowledge of infringement. Specifically, the Complaint, and the Letter, apply the ACQIS Patents to the Accused Servers. *See* ECF No. 1 ¶¶ 74–76 (alleging the notice letter "described the applicability of the ACQIS Patents to the PCI Express, USB 3.0, and other computer interface technologies. ACQIS's letter specifically identified Wiwynn's various servers and related accessories, including the Accused Servers addressed herein as using ACQIS'[s] patented technologies . . . ACQIS invited Wiwynn to discuss potential licensing arrangements to allow Wiwynn to continue to utilize the patented technologies in the ACQIS patent portfolio, including the ACQIS Patents. Wiwynn did not respond to ACQIS's July 17, 2018 letter and continues to make, import, and sell the Accused Servers identified in ACQIS's letter in willful violation of ACQIS' patent rights, or at the very least in reckless disregard of ACQIS' patent rights."). ACQIS pleads a notice letter with contents addressing the ACQIS Patents and Accused Servers. This is sufficient. Wiwynn seemingly suggests that more direct language is required to meet this pleading element of a willfulness claim. The Court disagrees. It is entirely clear from the contents of this Letter that ACQIS is raising a concern of infringement of its patents, albeit without explicitly saying "You infringe." Instead, ACQIS simply takes a more soft-handed approach to express its "[commitment] to entering into a mutually-beneficial business relationship with Wiwynn." ECF No. 29-2 at 3. But everything in the Complaint and the Letter clearly indicates concerns of infringement and the hope to find a resolution. For these reasons, ACQIS has met the pleading standard regarding knowledge of the infringing activity.

### 3. *ACQIS Does Not Need To Plead Egregiousness*

Wiwynn complains that ACQIS's allegations fail to raise a plausible inference of egregious behavior required under *Halo*. ECF No. 22 at 11 (first quoting *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 18-cv-309, 2018 WL 8261315, at *3–4 & n.2 (W.D. Tex. Nov. 30, 2018); and then citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 110 (2016) (Breyer, J., concurring). As the Court previously noted in *Billjco, LLC v. Apple Inc.*: "This Court will follow *Välinge* in refusing to impose an egregiousness pleading requirement." No. 6:21-cv-00528-ADA, 2022 U.S. Dist. LEXIS 17605, at *15 (W.D. Tex. Feb. 1, 2022); *see also Core Optical Techs., LLC v. Juniper Networks Inc.*, 562 F. Supp. 3d 376, 381 (N.D. Cal. 2021) (interpreting *Eko Brands* to suggest that plaintiffs need not plead egregiousness) (citing *Eko Brands LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 946 F.3d 1367 (Fed. Cir. 2020)); *Longhorn Vaccines & Diagnostics, LLC v. Spectrum Sols. LLC*, 564 F. Supp. 3d 1126, 1147 (D. Utah Sept. 23, 2021) (same).

### B. ACQIS Has Sufficiently Pleaded Induced Infringement

Wiwynn contends ACQIS fails to sufficiently allege induced infringement because the Complaint lacks facts regarding knowledge of the patents, that Wiwynn knew that the induced acts constituted infringement, or that Wiwynn had specific intent. ECF No. 22 at 13–15. In its reply, Wiwynn focuses its argument on a lack of "facts plausibly showing that [Wiwynn] specifically intended their customers to infringe the [Asserted Patents] and knew that the customer's acts constituted infringement." ECF No. 22 at 15 (quoting *Toyota Motor*, 2014 WL 2892285, at *3).

ACQIS argues its allegations are not conclusory as it specifically alleges "Wiwynn knows and specifically intends that end users will use the Accused Servers in an infringing

10

manner as directed by Wiwynn." ECF No. 1 ¶ 83. Additionally, ACQIS claims induced infringement exists because the configuration "necessarily occurs upon operation of the Accused Servers in the normal, intended manner without any specific action of the end user other than turning on the product." *Id.* at ¶ 83. Moreover, ACQIS asserts that in seeking regulatory approval, advertising, and customer support, Wiwynn further induced its customers to infringe. *Id.* at ¶ 81.

The Court does not find Wiwynn's argument persuasive. As addressed earlier, ACQIS sufficiently pleads knowledge of the ACQIS Patents. ACQIS also sufficiently alleges that Wiwynn induced direct infringement by a third party (ECF No. 22 at 14) by alleging knowledge and the acts of inducement. ECF No. 1 ¶ 84 ("Wiwynn has induced others' direct infringement as stated above despite actual notice that the Accused Servers infringe the ACQIS Patents, as set forth herein. Wiwynn therefore has caused its purchasers and end users to directly infringe the ACQIS Patents with knowledge of the ACQIS Patents and with the specific intent, or at the very least willful blindness, that the purchasers and end users will directly infringe. Wiwynn knew the acts it induced (like importation, U.S. sales, and use by its customers) constituted infringement."). ACQIS alleges that as a result of the inducement, the third parties directly infringe the ACQIS Patents. *Id.* at ¶ 83 ("On information and belief, Wiwynn has configured the Accused Servers in such a manner that direct infringing use necessarily occurs upon operation of the Accused Servers in their normal, intended manner without any specific action of the end user other than turning on the product.").

When assessing intent, it is important that a court avoid analyzing individual facts in isolation and without reference to the background of the patent. *In re Bill of Lading*, 681 F.3d at 1343. Moreover, ACQIS's burden is that of pleading plausibility, not necessarily proof. *Id.* at

1339. When looking at the facts in toto, ACQIS sufficiently pleads specific intent. ACQIS identifies a notice letter that outlines the Asserted Patents and Accused Servers. Whether by willful blindness or specific intent, supported by a failure to respond to the Letter, Wiwynn continued to induce infringement via regulatory approval, advertising, and customer support. Looking at each of these facts, among others, supports ACQIS's plausible claim of induced infringement.

### C. ACQIS Has Sufficiently Pleaded Contributory Infringement

ACQIS has sufficiently pleaded contributory infringement. Wiwynn argues that ACQIS failed to plead pre-suit knowledge of the patents, which is required to succeed on a contributory infringement claim. ECF No. 22 at 16. Wiwynn also contends that ACQIS's contributory infringement claims lack allegations that the Accused Servers have no substantial non-infringing uses. *Id.* at 16–17. Instead, Wiwynn states that ACQIS conclusively alleges that the Accused Servers "are not staple articles of commerce with substantial non-infringing uses." *Id.* at 17.

ACQIS argues Wiwynn's characterization of the pleadings is a misrepresentation of the actual facts contained in the Complaint. ECF No. 29 at 12.  Additionally, ACQIS contends that it sufficiently pleaded the Accused Servers infringe and do not have any substantial non-infringing uses. *Id.* ACQIS states that the relevant case law requires nothing more. *Id.* Furthermore, ACQIS relies on additional details in its allegations that the Accused Servers are each "designed in a way that must *necessarily* infringe when used…" ECF No. 29 at 12–13 (citing ECF No. 1 ¶¶ 44, 50–70) (emphasis in original).

The plausibility standard that ACQIS must meet requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. ACQIS meets this standard by "nudging [its] claim" "across the line from conceivable to plausible." *Id.* at 680. For reasons

stated earlier, the Court declines to entertain Wiwynn's arguments that ACQIS failed to adequately plead knowledge. Thus, the Court turns its attention to "substantial non-infringing uses."

"For purposes of contributory infringement, the inquiry focuses on whether the accused products can be used for purposes *other than* infringement." *In re Bill of Lading*, 681 F.3d at 1338 (emphasis in original). The Federal Circuit affirmed the district court's order in *In re Bill of Lading*, granting a motion to dismiss contributory infringement claims because the plaintiff pleaded the opposite. *Id.* at 1339 ("Because the amended complaints actually make clear on their face that [defendant's] products *do* have substantial non-infringing uses, [plaintiff] has not stated a claim for contributory infringement against any of the [defendants].") (emphasis in original). That is not the case here. Nothing in ACQIS's pleadings creates internal inconsistencies or contradictions. Sufficiently, ACQIS pleads that Wiwynn had "knowledge that those products are material parts of a computer system, and are not staple articles of commerce with substantial non-infringing uses." ECF No. 1 ¶ 80. Wiwynn places a burden on ACQIS to prove a negative in its pleadings. Such a burden is unnecessary—"The Federal Circuit has ruled that affirmatively pleading the absence of substantial non-infringing uses renders the claim plausible if the pleadings do not undermine that allegation." *Merck Sharp & Dohme Corp. v. Teva Pharm. USA, Inc.*, No. 14-874-SLR-SRF, 2015 U.S. Dist. LEXIS 85279, at *20 (D. Del. July 1, 2015) (citing *In re Bill of Lading*, 681 F.3d at 1339); *see also Driessen v. Sony Music Entm't*, 2013 WL 4501063, at *2 (D. Utah Aug. 22, 2013) (denying motion to dismiss and concluding that a plaintiff is not required "to plead a null set under the plausibility standard of *Twombly* and *Iqbal*—that it is impossible to plead with specificity something that does not exist."). Accordingly, ACQIS's Complaint sufficiently pleads contributory infringement.

13

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Wiwynn's Motion to Dismiss Plaintiff's Claims as to Indirect Infringement, Willful Infringement, and Enhanced Damages (ECF No. 22). Furthermore, the Court **DENIES** as **MOOT** the Motion to Dismiss Claims of Direct Infringement by Wistron, Indirect Infringement by Wistron, Willful Infringement by Wistron, and Enhanced Damages related to Wistron (ECF No. 22; *see* ECF No. 28).

 SIGNED this 12th day of July, 2022.


ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

14